IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff, | * | |
| v. | * | No. 21-CR- 20239 |
| DIANE GORDON, | * | |
| Defendant. | * | |

## PLEA AGREEMENT

The Defendant, DIANE GORDON, by and through her counsel, MARK MCDANIEL, knowingly and voluntarily agrees with the United States, through Joseph C. Murphy, Jr., Acting United States Attorney for the Western District of Tennessee and TODD KIM ~~Jean E. Williams, Acting~~ Assistant Attorney General for the Environment and Natural Resources Division, and through Dean DeCandia, the undersigned Assistant United States Attorney, and Banumathi Rangarajan, the undersigned Trial Attorney, to waive indictment and enter a plea of guilty to the one-count Information filed herein:

1. The Defendant is charged in the Information with making and using material false writings and documents, in violation of Title 18, United States Code, Section 1001(a)(3). The statutory penalties for this offense are not more than 5 years of imprisonment, not more than the greater of a $250,000 fine or twice the gross gain or loss, or both fine and imprisonment, not more than 3 years of supervised release, and a $100 mandatory special assessment.

2. The Defendant agrees that:

   a. She is waiving indictment and pleading guilty to the aforementioned offense in Information because she is guilty of the offense;

   b. Neither the United States, nor any law enforcement officer, can or has made any promises or representations as to what the sentence imposed by the Court will be;

   c. If she had proceeded to trial and had been convicted, she would have had the right to appeal the conviction. She understands that by pleading guilty, she gives up the right to appeal the conviction. Based on concessions made in this plea agreement by the United States, she also hereby waives her rights to appeal her sentence, unless the sentence

        exceeds the maximum permitted by statute or is the result of an upward departure from the guideline range that the Court establishes at sentencing;

   d.   Except with respect to claims of ineffective assistance of counsel or prosecutorial misconduct, she waives her right to challenge the sufficiency or the voluntariness of her guilty plea on direct appeal or in any collateral attack;

   e.   The special assessment of $100 is due and payable to the U.S. District Court Clerk's Office, and the Defendant agrees to provide the United States with evidence of payment immediately after sentencing; and

   f.   This writing constitutes the entire Plea Agreement between the Defendant and the United States with respect to the plea of guilty. No additional promises, representations or inducements, other than those referenced in this Plea Agreement, have been made to the Defendant or to the Defendant's attorney with regard to this plea, and none will be made or entered into unless in writing and signed by all parties.

3.   The Defendant understands that:

   a.   Given the facts in the possession of the United States at the time of the writing of this agreement, the United States does not oppose the Defendant receiving acceptance of responsibility credit pursuant to U.S.S.G. § 3E1.1, provided the Defendant continues to demonstrate an affirmative acceptance of responsibility, including acknowledging guilt in open court to the facts as set out in the Information;

   b.   If the United States receives information between the signing of this agreement and the time of the sentencing that the Defendant has previously engaged in, or if she engages in the future, in conduct inconsistent with the acceptance of responsibility, including, but not limited to, participation in any additional criminal activities between now and the time of sentencing, this position could change;

   c.   Whether or not acceptance of responsibility credit pursuant to § 3E1.1 is granted is a matter to be determined by the Court. Failure of the Court to grant acceptance of responsibility credit is not a basis for the Defendant to withdraw her guilty plea;

   d.   Should it be judged by the United States that the Defendant has committed or attempted to commit any additional crimes or has engaged in any conduct constituting obstruction or impeding justice within the meaning of U.S.S.G. § 3C1.1 from the date of the Defendant's signing of this plea agreement to the date of the Defendant's sentencing, or if the Defendant attempts to withdraw the guilty plea, the government will be

released from its obligations and would become free to argue for any sentence within the statutory limits. Such a breach by the Defendant would not release the Defendant from the plea of guilty; and

e. Any statement made in the course of the plea colloquy may be used against her in any criminal prosecution. The Defendant knowingly, intelligently and voluntarily waives any objection based on Federal Rules of Evidence 410.

4. The Defendant agrees to make restitution to the following victims in the amounts set forth below. Said restitution shall be due and payable immediately.

| VICTIM | RESTITUTION DUE |
|---|---|
| Brimhall Foods Company | $4,757.00 |
| BT Redi Mix | $20,510.88 |
| Cordova Concrete | $5,471.00 |
| Dennis Hall Auto Salvage | $1,847.00 |
| Dixie Waste Paper Company | $2,000.00 |
| Hydraulex | $1,120.00 |
| Iskiwitz Metals | $2,475.00 |
| Keeler Iron | $1,850.00 |
| Koppers Performance Chemicals | $8,070.00 |
| LaGasse Construction | $1,650.00 |
| Massey Auto Parts | $1,702.00 |
| Mathews & Sons Crushing, LLC | $1,000.00 |
| Memphis Auto Parts & Salvage | $1,760.00 |
| Memphis Ready Mix | $45,766.00 |
| Mid South Auto U-Pull-It | $4,146.00 |
| Mid Town Auto Parts & Salvage | $1,160.00 |
| Mr. Complete Auto Parts | $1,980.00 |
| Olympic Industries | $2,320.00 |
| Pyramid Signs & Awnings | $1,590.00 |
| Quality Concrete Products | $1,120.00 |
| Safety Quip | $2,339.50 |
| Southern Concrerte | $37,718.50 |
| Sugar Services | $19,986.00 |
| West TN Ready Mix | $27,180.00 |
| Yardworks | $1,870.00 |
| **TOTAL RESTITUTION DUE** | **$201,388.88** |

5. The United States agrees:

   a. To recommend that the Defendant be sentenced at the low end of the applicable guideline range established by the above stipulations, provided that the Defendant does not breach this plea agreement. The Defendant understands that whether or not the Defendant is sentenced at the low end of the applicable guideline range is a matter to be determined by the Court. Failure of the Court to sentence the Defendant at the lowest end of the applicable guideline range is not a basis for the Defendant to withdraw her guilty plea or to appeal her sentence. Neither the United States, nor any law enforcement officer, can or has made any promises or representations as to what the sentence imposed by the Court will be.

6. The parties agree, pursuant to Fed. R. Crim. P. 11(c)(1)(B), to the following positions as to the below-listed sentencing factors only, which are not binding on the Court in its application of the advisory Guideline range; provided that if Defendant's conduct prior to sentencing changes the circumstances with respect to any such factors, the United States is no longer bound to its positions as to those factors:

   a. The applicable guidelines is USSG § 2B1.1 which calls for a base offense level of 6.

   b. Pursuant to USSG § 2B1.1(b)(1)(F), a 10-level increase is warranted for an intended loss greater than $150,000 but less than $250,000.

   c. Pursuant to USSG § 2B1.1(b)(2), a 2-level increase is warranted because the offense conduct involved more than 10 victims.

7. By signing this agreement, the Defendant affirms that she is satisfied with her lawyer's counsel and representation and hereby freely and voluntarily enters into this plea agreement. The Defendant understands that this writing constitutes the entire Plea Agreement between the arties with respect to the plea of guilty. No additional promises, representations or inducements, other than those referenced in this Plea Agreement, have been made to the Defendant or to the

(CONTINUED ON NEXT PAGE)

4

Defendant's attorney with regard to this plea, and none will be made or entered into unless in writing and signed by all parties.

_[signature]_     6/30/21
DIANE GORDON     Date
Defendant

_[signature]_     6-30-2021
MARK McDANIEL     Date
Defendant's Counsel

JOSEPH C. MURPHY, JR.
Acting United States Attorney

By: _[signature]_     10/26/2021
DEAN DeCANDIA     Date
Assistant United States Attorney

~~JEAN E. WILLIAMS~~ TODD KIM
~~Acting~~ Assistant Attorney General
Environment And Natural Resources Division

_[signature]_     10/26/2021
BANUMATHI RANGARAJAN     Date
Trial Attorney
Environmental Crimes Section